UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-152-RJC

| | |
|---|---|
| IN RE BESTWALL LLC, | |
| Debtor. | |
| AFFECTED INDIVIDUALS, | **ORDER** |
| Appellants, | |
| v. | |
| BESTWALL LLC, | |
| Appellee. | |

**THIS MATTER** comes before the Court on the Notice of Appeal (Doc. No. 1), Joinder to Motion of the Official Committee of Asbestos Claimants of Bestwall LLC for Leave to Appeal the PIQ Order (Doc. No. 2), and Motion for Extension of Time to File Brief Pursuant to Bankruptcy Rule 8018 (Doc. No. 6). This Court has reviewed the Motions and applicable law. For the reasons stated herein and as fully set forth in this Court's Orders in case number 3:21-cv-151 entered May 10, 2021 and November 2, 2021 (Case No. 3:21-cv-151, Doc. Nos. 11 & 15) the Joinder to Motion of the Official Committee of Asbestos Claimants of Bestwall LLC for Leave to Appeal the PIQ Order (Doc. 2) and Motion for Extension of Time to File Brief Pursuant to Bankruptcy Rule 8018 (Doc. No. 6) are **DENIED**. The Appellants' appeal of the Bankruptcy Court's PIQ Order (Bankr. Case No. 17-31795, Bankr. Doc. No. 1670) is **DISMISSED**.

I. BACKGROUND

On July 30, 2020, the Appellee filed in its bankruptcy case a Motion for Order Pursuant to Bankruptcy Rule 2004 Directing Submission of Personal Injury Questionnaires by Pending

Mesothelioma Claimants, which it sought to serve on the asbestos claimants with cases pending against the Appellee (the "PIQ Motion"). (Bankr. Doc. No. 1236). The Official Committee of Asbestos Claimants (the "Committee") and Appellants objected to the PIQ Motion. (Bankr. Doc. Nos. 1326 & 1333). The Bankruptcy Court granted the PIQ Motion on March 23, 2021 ("PIQ Order"). (Bankr. Doc. No. 1670).

On April 7, 2021, the Committee filed a Notice of Appeal and a Motion for Leave to Appeal the PIQ Order (the "Committee's Motion for Leave"), asserting the Bankruptcy Court erred by granting the PIQ Motion. (Case No. 3:21-cv-151, Doc. Nos. 1 & 2). On the same day, Appellants filed a Notice of Appeal (Doc. No. 1) and Joinder to Motion of the Official Committee of Asbestos Claimants of Bestwall LLC for Leave to Appeal the PIQ Order (the "Joinder Motion for Leave"). (Doc. No. 2). The Joinder Motion for Leave requests the Court grant leave to appeal the PIQ Order for "all the reasons set forth in [the Committee's Motion for Leave to appeal the PIQ Order]." *Id.* Appellants later filed a Motion for Extension of Time to File Brief Pursuant to Bankruptcy Rule 8018. (Doc. No. 6).

Meanwhile, in case number 3:21-cv-151, on May 10, 2021, this Court denied the Committee's Motion for Leave (1) concluding the Bankruptcy Court's PIQ Order is not a final appealable order, and (2) denying the Committee's request for leave to appeal the PIQ Order under 28 U.S.C. § 158(a)(3) (the "May 10 Order"). (Case No. 3:21-cv-151, Doc. No. 11). On Motion for Rehearing, the Court reconsidered the May 10 Order and denied the Motion for Rehearing insofar as it requested the Court reconsider whether it would exercise jurisdiction over the appeal, but clarified that it did not consider the merits of the appeal, does not affirm the Bankruptcy Court's PIQ Order, and dismissed the appeal (the "Rehearing Order"). (Case No. 3:21-cv-151, Doc. No. 15).

## II. DISCUSSION

This Court has jurisdiction over "final judgments, orders, and decrees . . . and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . . ." 28 U.S.C. § 158(a). Courts take a pragmatic view of finality in the bankruptcy context, such that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir.2005) (citation omitted). When considering an appeal from the bankruptcy court, the district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992). District courts review *de novo* a bankruptcy court's conclusions of law. *Id.*

The Notice of Appeal and Joinder Motion for Leave present the same jurisdictional issues and arguments the Court previously considered in the Committee's Motion for Leave. The Court fully considered and decided such issues and arguments in the Committee's appeal of the PIQ Order by its May 10 Order and the Rehearing Order. (Case number 3:21-cv-151, Doc. Nos. 11 & 15). For the reasons fully explained by this Court in the May 10 Order as modified by the Rehearing Order, both Orders incorporated herein, the Court concludes the PIQ Order is not a final order for the purposes of 28 U.S.C. § 158(a)(1) and its denies Appellants' request for leave to appeal the PIQ Order under 28 U.S.C. § 158(a)(3). The Court will not exercise jurisdiction to consider the merits of the appeal of the PIQ Order.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Appellants' Joinder to Motion of the Official Committee of Asbestos Claimants of Bestwall LLC for Leave to Appeal the PIQ Order (Doc. No. 2) is **DENIED**;

2. The Appellants' Motion for Extension of Time to File Brief Pursuant to Bankruptcy

3

Rule 8018 (Doc. No. 6) is **DENIED** as moot;

3. The Appellants' appeal of the Bankruptcy Court's PIQ Order (Bankr. Doc. No. 1670) is **DISMISSED**. The Clerk of Court is directed to close this matter and advise the Bankruptcy Court in writing of the dismissal of this appeal.

Signed: November 10, 2021

Robert J. Conrad, Jr.
United States District Judge